IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **VINCENT LEROY THOMAS,** <br> **TDCJ No. 01991822** <br><br> Petitioner, <br><br> v. <br><br> **BOBBY LUMPKIN[1], Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 7:19-cv-00056-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This is a habeas corpus case that was referred to the undersigned automatically pursuant to Special Order 3 on June 10, 2019. ECF No. 2. Petitioner Vincent Leroy Thomas ("Thomas"), an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Thomas's Petition for Writ of Habeas Corpus (ECF No. 1) because Thomas failed to exhaust state remedies, did not assert federal constitutional claims, and did not have a liberty interest at the time of the hearing.

**I.   Background**

Thomas challenges the validity of disciplinary action no. 20190168253 that charged him with possession of three cellphones and chargers, and damaging or destruction of state property.

---

[1] Bobby Lumpkin succeeded Lorie Davis as Director of the Texas Department of Criminal Justice, Correctional Institutions Division, on August 11, 2020. Mr. Lumpkin "is automatically substituted as a party" under Fed. R. Civ. P. 25(d).

ECF No. 1 at 5. According to Respondent, Thomas was found guilty of the disciplinary offense of committing an act defined as a Texas Felony, a Level 1, Rule 10 violation. ECF No. 14 at 4. Specifically, Thomas was found guilty of "provid[ing], or possess[ing] with intent to provide … (3) a cellular telephone or other wireless communications device or component of one of those devices to a person in custody of a correctional facility," a third-degree felony according to Section 38.11 of the Texas Penal Code. *Id.* Thomas also was found guilty of the disciplinary offense of "damaging or destroying property," a Level 2, Rule 18 violation. *Id.* Thomas states that his disciplinary case resulted in 364 days of good-time credit lost, solitary confinement, administrative segregation confinement, reduction in line class from S3 to L3, and forty-five days each of recreation, commissary, cell, contact, and telephone restrictions. *Id.*

In support of his petition, Thomas claims:

1. his Due Process rights were violated when he was placed in administrative segregation, and he did not have a hearing until his fifth day in solitary confinement, instead of within seventy-two hours;
2. he lost four line classes when TDCJ policy states that he can only lose two for his offense;
3. there was insufficient evidence to support the disciplinary action because the contraband was found in a common area where two people lived;
4. he was discriminated against on the basis of his race because the other person in the room was not charged;
5. the Disciplinary Hearing Officer ("DHO") engaged in deliberate indifference toward Thomas because he confiscated four custody classes in violation of TDCJ policy; and

2

      6. he was denied a fair and impartial hearing because his hearing was conducted with the Disciplinary Hearing Officer's mother.

ECF No. 1 at 6-7,11-12.

## II.    ANALYSIS

### A.    Thomas's claims, in part, are not exhausted.

At the outset, the Court must determine whether Thomas has exhausted his state administrative remedies. The Fifth Circuit requires that Texas prisoners exhaust the TDCJ grievance process before seeking federal habeas corpus review of disciplinary matters. *Gartrell v. Gaylor*, 981 F.2d 254, 258 n. 3 (5th Cir. 1993) (citations omitted). To exhaust his remedies with respect to the disciplinary action at issue, Thomas was required to present sufficient facts in support of his claims in both steps of the grievance process. *See Johnson v. Johnson*, 385 F.3d 503, 517-18 (5th Cir. 2004); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Thomas did not present facts, in either his first or second grievance steps, regarding his claims that: (1) there was insufficient evidence to support the disciplinary action; (2) he was discriminated against on the basis of his race; (3) the DHO engaged in deliberate indifference toward him because he confiscated four line classes; or (4) that he was denied a fair and impartial hearing because his hearing was conducted by the DHO's mother. ECF No. 13-2. Additionally, Thomas only claimed that his reduction in line class status was "extreme" in the Step Two grievance, but not the Step One grievance. Accordingly, Thomas did not exhaust his administrative remedies with respect to these claims, and they are not properly before the Court. However, even if they were before the Court, Thomas has not alleged consequences of the grievance process that are actionable under habeas corpus review.

> **B. Thomas had no constitutionally protected interest in his recreation time, commissary, telephone privileges, contact visits, line class status, and placement in administrative segregation.**

Thomas has no constitutionally protected interest in his line class status, also known as his good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Similarly, a reduction in good-time earning status will not support a due process claim because the timing of the inmate's release is too speculative to afford a constitutionally cognizable claim in a "right" to a time-earning classification. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Therefore, to the extent Thomas's custodial classification was to improve in the future, the reset of his L3 classification does not warrant due process protection.

Additionally, Thomas's loss of recreation time, commissary access, telephone privileges, and contact visits, are changes in the conditions of confinement and do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges rather than just arguing that these facts provide insufficient evidence. However, temporary restrictions such as those imposed against Thomas do not raise such concerns. For these reasons, Thomas's claims regarding loss of privileges should be denied.

Finally, Thomas's placement in administrative segregation is a change in his conditions of confinement, but Thomas has failed to show that this constitutes an atypical or significant hardship. This court has held that "placement of continued confinement in administrative segregation does not, by itself, create a protectable liberty interest." *Blair v. Davis*, No. 5:17-cv-276-M-BQ, 2018

4

WL 1083620 at *1 (N.D. Tex. Feb. 28, 2018) (citing *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (administrative segregation is "an incident to the ordinary life of a prisoner" and, without extraordinary circumstances, "simply does not constitute a deprivation of a constitutionally cognizable liberty interest"). Thomas has not shown extraordinary circumstances necessary to support such a claim. Therefore, Thomas's claims concerning his placement in administrative segregation should be denied.

### C. Thomas has no claim for violations of TDCJ policies as federal habeas corpus relief is only available for the vindication of rights existing under federal law.

Thomas next alleges that Respondent violated TDCJ policy by failing to hold a hearing within seventy-two hours, taking away more than two line classes for his violation, and confiscating four custody classes. ECF No. 1 at 6, 11. However, this allegation is not properly before the Court. Federal habeas corpus relief is available only for the violation of rights existing under federal law. *See* 28 U.S.C. § 2254(a); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). Thomas's complaints of failures to follow TDCJ policy do not implicate violations of federal law. Additionally, even if Respondent violated TDCJ policy as Thomas claims, the failure to investigate within seventy-two hours does not implicate due process for the purposes of awarding habeas relief. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *see also Martin v. Thaler*, No. C-12-305, 2013 WL 620376, at *6 (S.D. Tex. Jan. 22, 2013) (even if TDCJ policies concerning investigation and hearing were violated, petitioner not entitled to habeas relief). Therefore, Thomas's allegations of violations of TDCJ policy are not cognizable under § 2254 and should be denied.

### D. Thomas has no liberty interest at stake in this case because he is not eligible for mandatory supervision.

Finally, the Court must determine whether Thomas had a liberty interest that was at stake in the disciplinary hearing at issue. Thomas's underlying conviction for which he was sentenced

5

originally was for possession of a controlled substance with the intent to distribute, and five counts of engaging in organized crime on March 25, 2015, in the 194th Judicial District Court of Dallas County, Texas, in Case Nos. F-1358807-M, F-1351991-M, F-1351992-M, F-1351994-M, F-1351989-M, and F-1351986-M. ECF No. 13-3. He is currently serving a fifteen-year sentence and five consecutive ten-year sentences. *Id.* Respondent argues that because Thomas had two prior robbery convictions when he was convicted of these offenses, he is not eligible for mandatory supervision. ECF No. 14 at 14-15 (citing Tex. Gov't Code Ann. § 508.149(a)(14)-(21)) ("An inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of …(11) a second degree felony under section 79.02, Penal Code;" Penal Code 79.02 (Robbery)). Respondent notes that because Thomas committed the offenses at issue in 2013 and 2011, the mandatory supervision law that became effective September 1, 1997 applies. ECF No. 14 at 15 (citing Tex. Gov't Code Ann. § 508.147).

Because eligibility for mandatory supervision is determined by the law in effect at the time of the offense for which the defendant is serving, the Respondent is correct that Thomas is not eligible for mandatory supervision due to his past convictions. ECF 13-3 at 5; *Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005). Therefore, the results of the disciplinary proceeding at issue that caused a loss of good time credit did not affect the duration of Thomas's sentence because he is not eligible for mandatory supervision. Accordingly, he had no liberty interest at stake in the disciplinary hearings, and his loss of good time credit did not provide a basis for federal habeas relief. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

### III.   CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1) (2019) and Fed. R. Civ. P. 72(b)(1) (2019). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** March 29, 2021.

*[signature: Hal R. Ray, Jr.]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE